PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PETER YANG, <br><br> Defendant. | CASE NO. 1:23-cr-00038-JLT-SKO <br><br> STIPULATION AND ORDER FOR CONTINUANCE OF STATUS CONFERENCE <br><br> PROPOSED DATE: July 3, 2024 <br> TIME: 1:00 pm <br> COURT: Hon. Sheila K. Oberto |

This case is scheduled for a status conference on April 17, 2024. More recently the court has invited a continuance if the parties believe that nothing can be accomplished on that date. Because the government recently obtained a search warrant for a phone that the defendant was not authorized to have, the parties need additional time to review the new evidence and make decisions on how best to proceed.

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances. *United States v. Olsen*, 21

1  F.4th 1036, 1047 (9th Cir. 2022).  That non-exhaustive list includes:  (1) whether a defendant is detained
2  pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy
3  trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is
4  particularly susceptible to complications if infected with the [COVID-19] virus; (5) the seriousness of
5  the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6)
6  whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and
7  (7) whether the district court has the ability to safely conduct a trial.  *Id*.

   In light of the factors above, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7).  When continued, this court should designate a new date for the hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

   Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

   1.   The parties agree that the next court date should be July 3, 2024.  The parties also agree to exclude time between April 17, 2024, and July 3, 2024, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

   2.   The parties agree, and request that the court find the following:

   a)   The government recently obtained a search warrant for a phone that the defendant was not authorized to have, and the parties need additional time to review the new evidence and make decisions on how best to proceed.

   b)   The ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.  This is true, in part, because the parties do not have complete information yet on whether a trial is necessary or whether the case can be resolved by agreement without a trial.

   c)   For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from April 17, 2024, through July 3, 2024, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and

3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the court at the request of the parties on the basis of the court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 10, 2024                                PHILLIP A. TALBERT
                                                     United States Attorney

                                                     /s/ David Gappa
                                                     DAVID L. GAPPA
                                                     Assistant United States Attorney


Dated: April 10, 2024                                /s/ Harry Drandell
                                                     Harry Drandell
                                                     COUNSEL FOR
                                                     PETER YANG

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>PETER YANG,<br><br>      Defendant. | CASE NO. 1:23-CR-00038-JLT-SKO<br><br>ORDER<br><br>DATE: July 3, 2024<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

**ORDER**

The court has reviewed and considered the stipulation filed by the parties on April 10, 2024, and also reviewed the record of this case. For the reasons stated in the stipulation, the court reschedules the status conference to July 3, 2024.

The court also finds that the time between April 17, 2024, and July 3, 2024, under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) shall be excluded from Speedy Trial Act time calculations.

IT IS SO ORDERED.

DATED: 4/11/2024

                     *Sheila K. Oberto*
                    THE HONORABLE SHEILA K. OBERTO
                    UNITED STATES MAGISTRATE JUDGE